# Exhibit A

Filed
5/7/2019 4:58 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2019CVI000849D1

CAUSE NO. _____

| | | |
|---|---|---|
| ALFREDO CANTU DBA CANTU COMMERCIAL PLAZA<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | _____ JUDICIAL DISTRICT |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.<br>*Defendants* | §<br>§<br>§ | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ALFREDO CANTU DBA CANTU COMMERCIAL PLAZA**, complaining of **NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.**, and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant Nationwide Property & Casualty Insurance Co. is a Texas Corporation engaging in the business of insurance in the State of Texas having its principal place of business in Texas. The defendant may be served with process through its agent for service of process Corporation Service Company D/B/A CSC Lawyers INCO at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Nationwide Insurance Company (hereinafter "Nationwide") because it is a

Texas entity that is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in El Paso County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

6. Plaintiff is the owner of the Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide.

7. Plaintiff owns the insured property, located at 2820 Clark Blvd. Laredo, Texas 78043 (hereinafter referred to as "the Property").

8. Nationwide sold the Policy insuring the property to Plaintiffs.

9. On or about September 26, 2017, a hail storm hit Webb County, causing severe damage to homes and businesses throughout the county. On or about Plaintiff's business was one of the buildings that suffered extensive damage as a result of these events. Plaintiff's roof sustained extensive damage during the hail storm. Water intrusion through the roof as a result of the hail also caused significant damage to Plaintiff's structure, including damage to the structure's ceilings, walls, insulation, as well as exterior damage to the structure. As a result of this damage, Plaintiff filed claims with the Defendants for damage caused to this structure in these hail storms.

10. Plaintiff submitted claims to the Defendants against the policy for roof damage, and for exterior and interior home damage as a result of the hail damage. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. An inspection of the structure was thereafter conducted. As detailed below, although the Defendants did inspect the Property, the Defendant has now wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendants provided coverage

for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping damages during its inspections, investigations, and payment.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to their Structure.

13. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Nationwide have categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs. Nationwide's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

14. Defendant Nationwide has misrepresented to Plaintiff there was no damage to areas of the Structure that were damaged, and that all damage covered under the Policy has been paid, even though it has not been paid in full. Defendant Nationwide conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Nationwide failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Nationwide conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Nationwide failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Nationwide failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made.

Furthermore, Defendant Nationwide did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Nationwide's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Nationwide 's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Nationwide failed to conduct a reasonable investigation. Specifically, Defendant Nationwide performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Nationwide conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins.Code §541.060(a)(7).

18. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Nationwide conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Nationwide conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented their claim to Defendant Nationwide, the liability of Defendant Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the

full payment. Defendant Nationwide conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant Nationwide knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

22. As a result of Defendant Nationwide's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Nationwide

23. Defendant Nationwide are liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

24. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Defendant Nationwide and Plaintiffs.

25. Defendant Nationwide 's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Nationwide's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

26. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under

this article are made actionable by Tex. Ins. Code §5411.151.

27. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

28. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

29. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

**Noncompliance With Texas Insurance Code: The Prompt Payment of Claims**

30. Defendant Nationwide conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

31. Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

32. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

33. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

34. Defendant Nationwide are liable to Plaintiffs for common law fraud.

35. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant Nationwide knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### KNOWLEDGE

37. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs damages described herein.

### DAMAGES

38. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

39. As previously mentioned, the damages caused by these hail storms have not been properly addressed or repaired in the months and now years since the storms, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Nationwide's mishandling of Plaintiffs' claim in violation of the laws set forth above.

40. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

42. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

43. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

44. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

45. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are

entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

46. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

47. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

48. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief, the maximum of which is not more than $74,999.00. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

**Requests for Disclosure**

50. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Plaintiff's 1st Set of Interrogatories to Defendant Nationwide**

51. State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

52. State whether Defendant Nationwide contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

53. List the date(s) Defendant Nationwide received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

54. State whether Defendant Nationwide contends that Plaintiff did not provide any named defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was required and not provided, and the dates of the requests.

**Plaintiff's 1st Requests for Production to Defendant Nationwide**

55. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

56. Please produce all non-privileged emails and other forms of communication between Nationwide, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

57. Produce any complete file (excluding all privileged portions) in Nationwide's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Nationwide opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

58. Produce the complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

59. Produce all emails and other forms of communication between Nationwide and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Nationwide's possession. Please produce a privilege log for any items withheld on a claim of privilege.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show herself justly entitled.

Respectfully submitted,
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 - FAX
By: /s/ Michael A. Lawrence
LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com